FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 JUN 28 AM 11: 33

CLERK
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

SHALOTTA HOLMES,      )
                             )
    Plaintiff,        )
                             )
v.                     )     CASE NO. CV412-316
                             )
WAL-MART STORES EAST LP,   )
                             )
    Defendant.       )
                             )

## O R D E R

Before the Court is Plaintiff's Motion to Amend Scheduling Order, or in the alternative, Motion to Dismiss Without Prejudice. (Doc. 15.) Defendant has filed a response in opposition. (Doc. 17.) On June 25, 2013, the Magistrate Judge denied Plaintiff's motion to amend, finding that Plaintiff failed to meet the good cause standard. (Doc. 19 at 2.) However, the Magistrate Judge reserved ruling on the determination of whether the case should be dismissed. (Id. at n.1.) That matter is now before the Court.

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a). A plaintiff "may dismiss an action without a court order by filing[] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, [or by filing] a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). An action under Rule 41 may also be dismissed at

a "plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Because Defendant has filed an answer (Doc. 2) and has not stipulated to dismissal (see Doc. 17 at 4), Plaintiff's only recourse is for dismissal on terms that the Court considers proper. As the Magistrate Judge noted, at no point during the 140-day discovery period did Plaintiff ever disclose an expert or take a single deposition. (Doc. 19 at 2-3.) On the day discovery closed, Plaintiff filed the current motion seeking additional time to complete discovery. Plaintiff's perfunctory explanation is that her counsel needs additional time to meet with Plaintiff's treating physician and to retain an expert—despite the expert witness deadline expiring over three months ago on March 8, 2013. (Doc. 15 at 2.) After careful consideration, dismissal on these terms would not be proper. Accordingly, Plaintiff's request to dismiss without prejudice (Doc. 15) is **DENIED**.[1]

SO ORDERED this 28th day of June 2013.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] As a result, the parties' Consent Motion for Clarification (Doc. 20) is **DISMISSED AS MOOT**.